George W. Bowman et al. v. Charles E. Saigling et al.

No. 1948. Decided May 26, 1909.

**Verdict—Inconsistency—Peremptory Instruction.**

Where plaintiffs suing a debtor on his promise to pay for land, and his assignees on an agreement to assume such debt, testified that it had been so assumed, and that, in consideration, they had released the original debtor from liability, it was proper for the court to instruct a verdict against them upon that issue, and in favor of the original promisor, though on the issue between plaintiff and the assignee, who denied having assumed the debt, the finding was in the latter's favor, nor was it error to refuse to set aside the judgment, the latter finding being supported by evidence, though such finding was inconsistent with that which the court had directed on the issue between plaintiffs and the original debtor. (Pp. 485-487).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Collin County.

Bowman and Coit sued Stevens and Saigling. Both defendants had judgment. Plaintiffs appealed, and on affirmance obtained writ of error.

*M. H. Garnett* and *Smith & Wilcox,* for plaintiffs in error.

*Abernathy, Abernathy & Abernathy,* for defendants in error.

Mr. Justice Brown delivered the opinion of the court.

Bowman and Coit instituted this suit in the District Court of Collin County against R. L. Stevens and Chas. E. Saigling, seeking to recover of them the sum of $6,666.66, with interest thereon, and also to recover an undivided two-thirds interest in one acre of land situated in Jefferson County, Texas. The petition alleged, in substance, that the plaintiffs and R. L. Stevens purchased the land sued for jointly for the sum of $20,000, which was paid in cash by the plaintiffs, and, by agreement, the deed was made in the name of R. L. Stevens, who accepted and agreed to hold the title to the said land, for himself one-third, and in trust two-thirds for the plaintiffs, Bowman and Coit. It was alleged that the said Stevens, at the time, agreed and promised to pay to the said plaintiffs the one-third of the purchase money of the said land with 6 percent interest thereon. The petition alleges that the defendant, Chas. E. Saigling, subsequently purchased from Stevens his one-third interest in the land, paying Stevens the sum of $1,000, and at the same time assuming and agreeing to pay to the plaintiffs the purchase money due from Stevens to them, to wit: $6,666.66, and the said Saigling agreed to accept a deed for the entire tract of land, holding the same as did Stevens, one-third for himself and two-thirds as trustee for said Bowman and Coit. It was alleged that Saigling and Stevens had each failed and refused to pay the purchase money for the said land due to the plaintiffs, who prayed for judgment against both defendants for two-thirds of the land and also for the sum of $6,666.66 with interest thereon.

Stevens adopted the allegations of the petition in the main, but

pleaded that Saigling agreed to pay the purchase money due to Bowman and Coit in consideration of the conveyance of one-third of the land to him, and that Bowman and Coit accepted the assumption and promise of said Saigling and discharged him, the said Stevens, from further liability thereon. He pleaded, in case Bowman and Coit should recover against him, that he should recover over against Saigling.

Saigling pleaded that he purchased only the interest which Stevens had in the profits that might be made in the sale of the land over and above the $20,000 purchase money paid by Bowman and Coit, and that he did not intend to acquire any interest in the land other than in said profits, and that he accepted the said deed upon that condition and with that understanding. Saigling denied that he assumed the payment of the debt of Stevens to Bowman and Coit. It is unnecessary to state further the contents of his voluminous answer.

The plaintiffs in their petition alleged that R. L. Stevens sold and conveyed to Chas. Saigling the one-third interest in the land which Stevens owned, and that Saigling assumed and agreed to pay the indebtedness of Stevens to the plaintiffs for the one-third of the land. Saigling denied this allegation and the court submitted the issue to the jury who found in favor of Saigling. We find no error in the charge or in any ruling of the court with reference to the issue between the plaintiffs and Saigling, therefore the finding of the jury can not be disturbed by this court.

The plaintiff made R. L. Stevens a party defendant, charging that he was indebted to them for one-third interest in the land, to which he replied that Chas. Saigling had agreed with him to assume and pay the one-third of the purchase money of the land to the plaintiffs, and that Saigling's promise was accepted by plaintiffs and Stevens was discharged. The plaintiffs, Bowman and Coit, both testified that Saigling had agreed to pay to them the indebtedness of Stevens and that they had discharged Stevens from liability on that account. Mr. Coit testified as follows: "We released Mr. Stevens from his obligation and agreed to accept Mr. Saigling in place of Mr. Stevens. I do not consider that Mr. Stevens owes us anything on that transaction." Mr. Bowman testified as follows: "I considered Stevens released when Saigling bought the property." The trial court very properly under this state of facts directed the jury to find in favor of Stevens, because the plaintiffs testified that they had no right of action against him.

The judgment in this case presents a striking contradiction in the result. The jury must have found in favor of Saigling upon the ground that he did not assume and agree to pay the debt of Stevens to the plaintiffs, yet, under the evidence of the plaintiffs, the court correctly instructed a verdict for Stevens, because as between plaintiffs and Stevens the undisputed evidence established the fact that Saigling did assume Stevens' debt to plaintiffs and that Stevens was released by the plaintiffs. The verdict in favor of Saigling may be against the weight of the evidence, but that furnishes no reason for setting aside the verdict in favor of Stevens which is supported by the evidence of both plaintiffs. The court could not have sub-

mitted as an issue the truth or credibility of the evidence given by the plaintiffs.

It is ordered that the judgments of the District Court and Court of Civil Appeals be affirmed.

*Affirmed.*